VILLANTI, Judge,
Specially concurring.
This case involves an evolving area of the law that will ultimately benefit from further refinement by the courts. Here, the State argues, in essence, that Thornton established a bright-line rule allowing officers to search a vehicle incident to an arrest any time the arrestee exits a vehicle at any time while within the officer’s sight. However, it seems clear to me that Thornton permits a vehicle search incident to arrest only when there has been no significant temporal or spatial break between the occupant’s exit of the vehicle and his or her ultimate arrest. As the law stands now, the time and distance parameters that make one a “recent occupant” of a vehicle so as to obviate the requirement for a search warrant are determined on a case-by-case basis after considering the totality of the circumstances. Until there is a larger body of case law analyzing what does and does not constitute a temporal or spatial break, the law in this area will be somewhat unsettled.
That said, however, in my view the record in this case clearly establishes that A.T.P. was well beyond any outside time or distance parameters that define who is a “recent occupant” of a vehicle. Had A.T.P. remained by his vehicle while the officer conducted the second, separate investigation that ultimately led to AT.P.’s arrest or had he prematurely walked away from his vehicle without the officer’s permission, then perhaps the nexus between A.T.P. and his vehicle would not have been broken and our result might be different. Cf. Rainey v. Commonwealth, 197 S.W.3d 89, 94-95 (Ky.2006) (holding that although the arrestee had parked his car, crossed the street, and walked 50 feet from his vehicle before foot patrol officers could approach him, the arrestee was a “recent occupant” of a vehicle when he was stopped based on the officers’ observations of him speeding past them and their immediate attempts to stop him); see also People v. Bridgewater, 375 Ill.App.3d 414, 313 Ill.Dec. 750, 873 N.E.2d 45 (2007) (holding that the driver’s exit from his vehicle, his refusal to obey a pursuing officer’s command to stop and return to his vehicle, and his entry into a nearby restaurant did not change his status as a “recent occupant” of a vehicle for purposes of a search incident to arrest). Here, however, the officer cleared and released A.T.P. at the conclusion of the officer’s initial investigation, and A.T.P. was then free to go, and in fact did go, about his business. Under my reading of Thornton, I concur with the majority that these undisputed facts require a finding that A.T.P. was not a “recent occupant” of his vehicle as a matter of law.